## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AUTOMOTIVE TECHNOLOGIES
INTERNATIONAL, INC.,

           Plaintiff,

     -v-

ONSTAR, LLC,

           Defendant.

CASE NO.: 2:11-cv-02490 (SRC)(MAS)

**AMENDED COMPLAINT AND
JURY DEMAND**

Plaintiff, Automotive Technologies International, Inc. ("ATI"), for its Complaint against OnStar , LLC ("OnStar") alleges as follows:

### PARTIES

1.    Plaintiff ATI is a Delaware corporation with its principal place of business at 48 Hillcrest Rd., Boonton, New Jersey 07005.

2.    Defendant OnStar is a Delaware corporation with its principal place of business at 400 Renaissance Center, Detroit, Michigan 48243-1502.

3.    OnStar can be served with process upon its Registered Agent for Service of Process, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

# EXHIBIT A

## JURISDICTION AND VENUE

4.     This is an action for injunctive and monetary relief as a consequence of patent infringement by OnStar under the Patent Act, 35 U.S.C. § 1 *et seq*.

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has jurisdiction over Defendant OnStar due to its systematic and continuous contacts with the State of New Jersey including, among other things, selling or offering to sell infringing services in New Jersey directly and/or through numerous General Motors dealerships in New Jersey and providing infringing services to numerous customers located in New Jersey.

7.     Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial portion of the events that give rise to the claims occurred in New Jersey.

## FACTS COMMON TO ALL COUNTS

8.     ATI owns U.S. Patent No. 7,672,756 ("the 756 Patent"), which was legally issued and remains in force.

9.     The 765 Patent discloses and claims a method for using the Internet to transmit vehicle diagnostic information including crash notification information from a vehicle to a remote site.

2

10.   OnStar sells and offers to sell a service that uses the Internet to transmit vehicle diagnostic information including crash notification information from a vehicle to a remote site.

## COUNT I
## PATENT INFRINGEMENT

11.   ATI realleges all prior allegations and incorporates them herein by this reference.

12.   The actions of OnStar alleged above constitute infringement of the 756 Patent under the Patent Act, 35 U.S.C. § 1 *et seq.*

13.   The actions of OnStar alleged above constitute an exceptional case warranting an award of attorney fees under 35 U.S.C. § 285.

14.   ATI has been and will continue to be damaged by the patent infringement by OnStar.

15.   Unless enjoined by this Court, the patent infringement by OnStar will continue.

16.   The continuing acts of infringement by OnStar are irreparably harming and causing damage to ATI.   ATI will be substantially and irreparably damaged and harmed if the patent infringement by OnStar is not enjoined.

17.   ATI has no adequate remedy at law to redress the continuing acts of

3

patent infringement by OnStar.  The hardships that would be imposed by an injunction are less than those faced by ATI should an injunction not issue.  The public interest would be served by issuance of an injunction.

## PRAYER FOR RELIEF

THEREFORE, ATI prays for the following relief:

1.    A judgment that certain services sold or offered for sale by OnStar infringe one or more claims of the 756 Patent.

2.    A declaration that the patent infringement by OnStar constitutes an exceptional case.

3.    An award of damages adequate to compensate ATI for the patent infringement.

4.    An award of attorney fees for an exceptional case.

5.    An injunction permanently enjoining OnStar and all others in active concert or participation with OnStar from selling or offering to sell services that uses the Internet to transmit vehicle diagnostic information including crash notification information from a vehicle to a remote site.

6.    An injunction permanently enjoining OnStar and all others in active concert or participation with OnStar from infringing the 756 Patent.

4

7.  An award of costs of the litigation to ATI as the prevailing party.

8.  Such other and further relief as this Court deems just and equitable under the circumstances of the case.

Plaintiff ATI demands a jury trial.

BERMAN ROSENBACH, P.C.
10 Madison Avenue, P.O. Box 1916
Morristown, New Jersey 07962-1916
(973) 206-8200
Attorneys for Plaintiff,
Automotive Technologies International, Inc.

By:  /s/ Philip Rosenbach
Philip Rosenbach, Esq. (PR-7672)
pr@brglaw.com

DATE:   [TO BE DETERMINED]

Michael J. Mehrman, Esq.
MEHRMAN LAW OFFICE, P.C.
P.O. Box 420797
Atlanta, Georgia 30342
404 497 7400 (phone)
404 420 2435 (facsimile)
mike@mehrmanlaw.com